IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL CROSS, individually and as
Trustee of the DRAGO FAMILY TRUST,

        Plaintiff,

        v.

EDWIN JAMES BARKER, an individual,
CEDAR STREET TRUST, KNAPP DAVIS
CHARTREY LLC, MICHAEL E. KNAPP,
an individual, MICHAEL CHARTREY, an
individual, COLBY LEWIS, an individual,
and DOES 1-20,

        Defendants.

_____

Case No. 6:25-cv-1694-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Plaintiff Michael Cross, appearing pro se, brings this action regarding a partnership with Defendant Edwin Barker. The partnership centered around renting out a home located at 5295 Cedar Street in Turner, Oregon. Because Plaintiff failed to respond to Defendants' Motion for Summary Judgment, and because Plaintiff's claims fail on the merits, Defendants' Motions for Summary Judgment, ECF No. 26 & 29, are GRANTED.

**BACKGROUND**

In 2016, Plaintiff and Barker entered into a partnership where Barker would provide the property and Plaintiff would manage the property and collect rent. Five years later, the partnership encountered irreconcilable differences. Plaintiff and Barker agreed on essentially nothing, not even

1 – OPINION AND ORDER

the value of the property itself. Current Defendant Michael Knapp represented Barker in that dispute. Knapp's law firm and partners are Defendants here. In July 2021, Plaintiff and Barker entered into a settlement agreement. Knapp Decl. Ex. 104, ECF No. 27. Plaintiff entered into the agreement individually and as Trustee of the Drago Family Living Trust. In that agreement, Plaintiff agreed to transfer the property to Barker. The parties released each other from all liability they had or may have from the partnership. *Id.* Each party was represented by counsel.

Four years later, Plaintiff recorded a *lis pendis* against the property. Knapp Decl. Ex. 106. Plaintiff also filed a complaint in state court, alleging that (1) he owned the property and (2) Barker had stolen rents owed to Plaintiff. The state court granted Barker's motion for summary judgment, finding that Plaintiff had released any and all claims related to the property in the 2021 settlement agreement. Knapp Decl. Ex. 112. The court entered judgment dismissing Plaintiff's claims with prejudice. Knapp Decl. Ex. 113.

Barker then filed an action to strike the *lis pendis*. Knapp Decl. Ex. 108. Plaintiff opposed Barker's motion, specifically arguing that factual issues remained regarding "the validity of the 2021 settlement agreement, and whether the quitclaim deed was obtained through fraud, duress, or lack of consideration." Knapp Decl. Ex. 109 at 2. Plaintiff argued that "the subject property represents the core of the partnership interest, which Plaintiff alleges was unjustly and fraudulently stripped from him. Removing the encumbrance now would allow Defendant to sell the asset before Plaintiff's claims can be litigated—causing irreparable harm and rendering any remedy meaningless." *Id.* Once again, the state court agreed with Barker, entering Judgment for Barker and finding the 2021 settlement agreement "is valid and enforceable" and Plaintiff "holds no legal or equitable claim in 5295 Cedar Street SE, Turner, Oregon 97392." Knapp Decl. Ex. 111 at 1.

Utterly undeterred, in December 2025, Plaintiff filed yet another state court action against Barker and his attorneys. Knapp Decl. Ex. 115. Plaintiff filed that action as the trustee of the Drago Family Living Trust, "to vindicate harms to trust property and trust interests arising from a deliberate scheme to misappropriate real property, equity, and rental proceeds associated with the residential property commonly known as 5295 Cedar Street, Turner, Oregon." *Id.* at 1. As in the other actions, Plaintiff alleged that Barker lied about the property's value and concealed the amount of rental income the property brought in. *Id.* at 3. Plaintiff alleged that Barker and Barker's attorneys "knowingly employed the settlement as an instrument to suppress accountability for fiduciary breaches and conversion." *Id.* at 5. Plaintiff sought declaratory relief confirming that he owned the property. The court granted Defendants' motion to dismiss on anti-SLAPP grounds, while finding that Plaintiff's claims were precluded "because the claims plaintiff seeks to advance in the present case had been heard and decided in two prior cases before this Court. Plaintiff is bound by those decisions and is precluded from proving the claims it has asserted in the present case." Knapp Decl. Ex. 116 at 2. Additionally, the court found that the settlement agreement barred Plaintiff's claims (and that Defendants were entitled to absolute litigation privilege). *Id.* The court entered a Judgment dismissing Plaintiff's claims. Knapp Decl. Ex. 117.

In this action, Plaintiff brings the exact same allegations, alleging that:

> This case is about betrayal and theft cloaked in the false language of partnership. Defendant Edwin Barker engineered a fraudulent transfer of property rights under false promises of refinancing and reconveyance. Once he secured control, Barker funneled rents across state lines into his personal California accounts, using the so-called Cedar Street Trust as a sham to conceal assets and evade accountability.

Compl. at 1, ECF No. 1.

Defendants move for summary judgment, arguing that not only are Plaintiff's claims barred by claim and issue preclusion, but they are untimely to boot. The Court agrees.

3 – OPINION AND ORDER

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (quoting Fed. R. Civ. P. 56(e)). The mere existence of some alleged factual dispute will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. 242, 247–48. Rather, the non-moving party must proffer evidence that could reasonably affect the outcome of the suit. *Miller*, 454 F.3d at 988.

## DISCUSSION

The only difference between this case and Plaintiff's prior actions is that rather than general fraud and aiding and abetting claims, Plaintiff now labels these claims as RICO claims. To be sure, Plaintiff also brings the breach of fiduciary duty, fraudulent transfer, and unjust enrichment claims he brought in the earlier cases. For multiple reasons, Plaintiff's claims suffer from several fatal deficiencies.

Claim preclusion applies when there is an identity of claims, a final judgment on the merits, and privity between the parties. *Howard v. City of Coos Bay*, 871 F.3d 1032, 1039 (9th Cir. 2017). A Plaintiff may not relitigate any "grounds of recovery that were asserted, or could have been

4 – OPINION AND ORDER

asserted, in a previous action . . . ." *Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019). "Collateral estoppel, or issue preclusion, 'bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Gorman v. Douglas Cty Sheriff's Office*, 2023 WL 5629821, at *6 (D. Or. 2023) (quoting *Taylor v. Stugell*, 553 U.S. 880, 892 (2008)). In Oregon, issue preclusion applies when the issue in the two proceedings is identical; the issue was actually litigated and was essential to a final decision on the merits; the party sought to be precluded has had a full and fair opportunity to be heard on that issue; the party sought to be precluded was a part or was in privity with a party to the prior proceedings; and the prior proceeding was the type of proceeding to which this court will give preclusive effect." *Id.*

As outlined above, Plaintiff has lost multiple prior cases alleging essentially the same allegations against the same Defendants. Plaintiff has been heard; multiple courts have simply rejected his arguments and claims. Rather than appealing those judgments to the Oregon Court of Appeals, Plaintiff chose to file this new action. However, simply relabeling the same allegations against the same Defendants as RICO claims does not somehow overcome the insurmountable issue and claim preclusion hurdles Plaintiff stumbles into.

Additionally, Plaintiff's claims are time-barred. Multiple emails in the months before the parties entered into the 2021 settlement agreement confirmed Plaintiff knew at that time of the allegedly fraudulent actions Barker took with respect to the value of the property and the rental income generated. Knapp Decl. Ex. 103. Civil RICO claims are subject to a four-year statute of limitations. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). Plaintiff's garden variety tort claims are subject to a two-year statute of limitations. Because

5 – OPINION AND ORDER

Plaintiff filed this action more than four years after signing the settlement agreement, his claims here are all time-barred.

Additionally, as noted by multiple state court judges, the 2021 settlement agreement Plaintiff entered into with Barker released the exact type of claims Plaintiff attempts to revive here.

Finally, by failing to respond to Defendants' motions for summary judgment, Plaintiff has abandoned his claims. *Shakur v. Schriro*, 514 F.3d 878 at 892 (9th Cir. 2008).

## CONCLUSION

Defendants' Motions for Summary Judgment, ECF No. 26 and 29, are GRANTED.

IT IS SO ORDERED.

DATED this 13th day of August 2026.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

6 – OPINION AND ORDER