IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL CROSS, individually and as Trustee of the DRAGO FAMILY TRUST,

Plaintiff,

v.

EDWIN JAMES BARKER, an individual, CEDAR STREET TRUST, KNAPP DAVIS CHARTREY LLC, MICHAEL E. KNAPP, an individual, MICHAEL CHARTREY, an individual, COLBY LEWIS, an individual, and DOES 1-20,

Defendants.

Case No. 6:25-cv-1694-MC

OPINION AND ORDER

**MCSHANE, Judge:**

After the Court entered Judgment in favor of the Defendants, Defendants Edwin Barker and Cedar Street Trust move for $4,760.83 in fees and costs. ECF No. 32. Section 9 of the 2021 Settlement Agreement provides for an award of fees and costs here. Lewis Decl. Ex. 101, ECF No.

34. Plaintiff, proceeding pro se, failed to respond and the time to do so has passed. Although Plaintiff failed to respond, the Court independently reviewed the motion for fees and costs.

The Ninth Circuit applies the "lodestar" method for calculating attorney fees. *Fischer v. SJB–P. D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). That calculation multiplies a reasonable hourly rate by the number of hours reasonably expended in the litigation. *Id.* (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433 (1983)). A "strong presumption" exists that the lodestar figure represents a "reasonable fee," and it should therefore only be enhanced or reduced in "rare and exceptional cases." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986). Ordinarily, the court decides whether to enhance or reduce the lodestar figure by evaluating a set of factors. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). Prevailing market rates are those that the local legal market would pay for a case of this nature to a lawyer of comparable skill, experience, and reputation to a plaintiff's counsel of record. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). Accordingly, this District uses the Oregon State Bar 2022 Economic Survey as the initial benchmark when reviewing fee petitions.[1]

Although the 2021 Settlement Agreement entitles Defendants to their fees and costs, the Court also finds that Plaintiff filed this action in bad faith. This action was clearly frivolous. Multiple prior courts have informed Plaintiff that the claims brought here are barred. For further detail on this point, the Court refers to the August 13, 2026 Opinion & Order at ECF No. 30.

Defendants spent 19.38 hours defending this frivolous action. Those hours are certainly reasonable, and the hourly fees sought are within those charged by attorneys with similar experience in the Salem area. *See* Lewis Decl. 3–4.

---

[1] The economic survey is available at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf.

## CONCLUSION

Defendants' Motions for Fees and Costs, ECF No. 32, is GRANTED. Defendants Edwin Baker and Cedar Street Trust are awarded $4,760.83 in fees and costs.

IT IS SO ORDERED.

DATED this 16th day of September 2026.

_____/s/ Michael J. McShane____
Michael McShane
United States District Judge